IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| 3FORM, LLC, a Delaware limited liability company and successor by merger to 3FORM, Inc., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMBERWOOD PRODUCTS, INC., a California corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND<br><br><br>Case No. 2:14-CV-483 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Remand.[1] For the reasons discussed below, the Court will grant Plaintiff's Motion.

## I. BACKGROUND

On May 31, 2014, Plaintiff served Defendant with a summons and complaint in this matter, which had been filed in Utah state court. Defendant filed a Notice of Removal with this Court on July 1, 2014. On July 3, 2014, Plaintiff moved to remand this case. Defendant has not responded to that Motion.

## II. DISCUSSION

"[F]ederal removal jurisdiction is statutory in nature, it is strictly construed . . . [and] all doubts are to be resolved against removal."[2] "Moreover, there is a presumption against removal jurisdiction."[3]

---

[1] Docket No. 5.

[2] *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756–57 (10th Cir. 2004) (citations and internal quotation marks omitted).

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[4]

"The thirty-day time limitation set forth in 28 U.S.C. § 1446(b) is not a jurisdictional requirement, 'but it is a procedural requirement that is strictly enforced.'"[5] "'The failure to comply with these express statutory requirements for removal can fairly be said to render the removal defective and justify a remand.'"[6]

A summons and complaint were served personally on Chris Cervelli, Defendant's owner, on May 31, 2014.[7] The thirty-day deadline imposed by § 1446(b) therefore expired on Monday, June 30, 2014. Defendant's Notice of Removal was filed in this Court one day late, on July 1, 2014.

On July 3, 2014, Plaintiff moved to remand this matter to state court based on Defendant's untimely Notice of Removal. Defendant has not responded to Plaintiff's motion to remand and the time to respond has now passed. In light of Defendant's non-opposition, Plaintiff's timely filed motion, and Defendant's procedurally defective Notice of Removal, the Court will grant Plaintiff's Motion.

---

[3] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[4] 28 U.S.C. § 1446(b)(1) (2012).

[5] *Bachman v. Fred Meyer Stores, Inc.*, 402 F. Supp. 2d 1342, 1345 (D. Utah 2005).

[6] *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

[7] Docket No. 2-1, at 87.

## III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Remand (Docket No. 5) is GRANTED.

The Clerk of the Court is directed to remand this matter to the Third Judicial District Court, Salt Lake County, State of Utah, and close this case forthwith.

DATED this 30th day of September, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge